IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JESSICA GLENDENING, as next friend of G.W.; AUDRA ASHER, as next friend of L.P.; COLIN SHAW, as next friend of C.B. and N.K.; and LAURA VALACHOVIC, as next friend of E.K., <br><br>Plaintiffs, <br><br>v. <br><br>LAURA HOWARD, Secretary of Kansas Department of Aging and Disability Services, in her official capacity, MIKE DIXON, State Hospitals Commissioner, in his official capacity, and LESIA DIPMAN, Larned State Hospital Superintendent, in her official capacity, <br><br>Defendants. | Case No. 22-4032-TC-GEB |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for a Rule 16 Scheduling Conference **(ECF No. 34)**. Defendants filed a Response in Opposition and Motion to Stay Discovery **(ECF No. 37)**. Plaintiffs thereafter filed a Reply in Support of the scheduling conference and in opposition to Defendants' request for a stay of discovery **(ECF No. 36)**. After a careful review of the parties' briefs, for the reasons set forth below, Plaintiffs' Motion **(ECF No. 34)** is **GRANTED,** and Defendants' Motion for a Stay of Discovery **(ECF No. 37)** is **DENIED.**

1

I.      **Procedural Background**[1]

Plaintiff filed this case as a class action on behalf of individuals who are detained prior to trial, and court ordered to undergo either a competency evaluation and/or competency restoration treatment pursuant to K.S.A. § 22-3202 and/or K.S.A. § 22-3303. Plaintiffs allege Defendants subject them to unconstitutional, unlawful, and harmfully long wait times for competency evaluations and competency restoration treatment.

Plaintiffs bring their claims pursuant to 42 U.S.C. § 1983, alleging deprivation of substantive and procedural due process and cruel and unusual punishment, 42 U.S.C. § 12132 (Americans with Disabilities Act), and violations of §§ 1 and 18 of the Kansas Constitution. Upon filing this case, Plaintiffs also immediately filed a motion for preliminary inunction **(ECF No. 4)**. The motion became ripe on August 8, 2022 **(ECF No. 17)**. However, on October 10, 2022, Plaintiffs filed a motion for leave to file a sur-reply with additional evidence in support of their motion for preliminary injunction **(ECF No. 27)**. At the time of the scheduling conference for the preliminary injunction, Defendants represented they would be filing a motion to stay discovery. **(ECF 21, 24-25).** No motion to stay was filed, and Plaintiffs filed the instant motion requesting a Fed. R. Civ. P. 16 scheduling conference **(ECF No. 34).** In response, Defendants oppose a scheduling conference and moved the Court to stay discovery until the court has ruled on Plaintiff's motion for preliminary injunction. **(ECF No. 37).**

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1). This background information should not be construed as judicial findings or factual determinations.

**II.     Discussion**

Scheduling orders are contemplated by Fed. R. Civ. P. 16(b), which requires a magistrate judge to issue a scheduling order, 1) after receiving the parties' report under Rule 26(f); or 2) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference. A scheduling conference is required by Fed. R. Civ. P. 26(f), which dictates the parties must confer, "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."

Whether to stay discovery and similar pretrial proceedings are firmly vested in the sound discretion of the trial court.[2] However, the Tenth Circuit has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[3] The general policy in the District of Kansas is to move forward with discovery despite pending dispositive motions.[4] Nevertheless, the District of Kansas has stayed discovery in certain cases where there is a pending dispositive motion, "especially where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[5]

There is no pending dispositive motion in this case.  Nevertheless, Defendants argue their response to Plaintiffs' motion for preliminary injunction alleges a lack of subject

---

[2] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.,* No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).
[3] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).
[4] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).
[5] *Id.* citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D.Kan.1990).

matter jurisdiction and that Plaintiffs fail to state a claim, and, based upon those arguments, the court could, *sua sponte*, dismiss this case in its entirety.[6] Defendants do not cite any authority for their stay request based upon the possibility the court could dismiss the Plaintiffs' case *sua sponte*. The general policy in the District of Kansas is to move forward with discovery even with a pending dispositive motion.[7] This Court is not convinced a stay of discovery is appropriate when there is no pending dispositive motion and based upon the mere possibility of a *sua sponte* dismissal.

### III. Conclusion

For the reasons state above, **IT IS ORDERED** Plaintiffs' Motion for Rule 16 Scheduling Conference **(ECF No. 34)** is **GRANTED** and Defendants' Motion to Stay Discovery **(ECF No. 37)** is **DENIED**. The Court will issue a separate order regarding planning and scheduling.

**IT IS SO ORDERED.**

Dated this 5th day of April 2023, in Wichita, Kansas.

                                            s/ Gwynne E. Birzer
                                            GWYNNE E. BIRZER
                                            U. S. Magistrate Judge

---

[6] ECF No. 37.
[7] *Wolf* at 495.