**In the United States District Court
for the District of Kansas**

---

Case No. 22-cv-04032-TC

---

JESSICA GLENDENING, ET AL.,

*Plaintiffs*

v.

LAURA HOWARD, ET AL.,

*Defendants*

---

## ORDER

Plaintiffs sue as next friends of Kansas state court criminal defendants detained pending competency evaluations or treatment. *Id.* Plaintiffs allege that Defendants—three Kansas officials associated with Larned State Hospital—violate detainees' federal and state constitutional and statutory rights by keeping them on a waitlist and denying them community-based treatment. *Id.* at 32–42.

After filing their Complaint, Plaintiffs sought a preliminary injunction based only on their federal constitutional claims "to enjoin Defendants from forcing Plaintiffs and others similarly situated to remain incarcerated in Kansas county jails for an unconstitutional amount of time as they wait to receive competency evaluation or competency restoration treatment at Larned State Hospital before they can stand trial." Doc. 4 at 1–2. That request was denied because Plaintiffs did not "satisfy the heavy burden of demonstrating a likelihood of success on the merits." *Glendening v. Howard*, 707 F. Supp. 1089, 1103 (D. Kan. 2023). Plaintiffs filed an interlocutory appeal challenging that denial, Doc. 84, which the Tenth Circuit docketed, Doc. 86.

Before Plaintiffs' preliminary injunction was denied, they moved to certify a class pursuant to Fed. R. Civ. P. 23(b)(1)(A) and (b)(2). Doc. 65. For the following reasons, that motion is denied without prejudice.

1

Generally, when a party files an interlocutory appeal challenging the grant or denial of a preliminary injunction, the district court retains jurisdiction over the case and may proceed toward resolving it on the merits. *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 791–92 (10th Cir. 2013); *see also* Fed. R. Civ. P. 62(c). District courts, however, "have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *In re Kozeny*, 236 F.3d 615, 620 (10th Cir. 2000).

These efficiency interests are best served by waiting to decide Plaintiffs' motion for class certification until the Tenth Circuit resolves Plaintiffs' interlocutory appeal. The appeal involves a central issue in this case: whether the State of Kansas's waitlist for admission into Larned State Hospital violates criminal defendants' Fourteenth Amendment rights to substantive and procedural due process and to be free from cruel and unusual punishment. Doc. 79 at 4–5; *see also* Doc. 1 at 32–34, 36–40.

As a result, the Tenth Circuit's decision has the potential to significantly advance the course of this case and impact the need for or the scope of discovery and further litigation. *See Katz v. Gerardi*, 655 F.3d 1212, 1218–19 (10th Cir. 2011) (applying these principles in the claim-splitting context); *see also Beltronics USA, Inc. v. Midwest Inventory Distrib. LLC*, 545 F. Supp. 2d 1188, 1190 (D. Kan. 2008) (staying proceedings pending resolution of an interlocutory appeal that "would significantly advance the course of [the] litigation"); *Mountain Sols., Inc. v. State Corp. Comm'n of State of Kan.*, 982 F. Supp. 812, 815 (D. Kan. 1997) (denying pending motions without prejudice until resolution of an interlocutory appeal to preserve resources and promote efficiency). Accordingly, Plaintiffs' motion for class certification is denied without prejudice.

It is so ordered.

Date: October 23, 2024          s/ Toby Crouse
                                               Toby Crouse
                                               United States District Judge